IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 17-03009-01-CR-S-BP |
| ) | |
| KENNETH GARNER, ) | |
| ) | |
| Defendant. ) | |

## **MOTION TO DISMISS THE INDICTMENT ON**
## **VOID-FOR-VAGUENESS GROUNDS**

Defendant, Kenneth Garner, through undersigned counsel, respectfully moves this Honorable Court for an order dismissing Counts 1 and 3 of the indictment because the statutes charged are unconstitutionally void for vagueness on their face.

On May 11, 2017, the grand jury returned a superseding indictment charging Mr. Garner with two counts of possession of a firearm by an unlawful user of a controlled substance, under 18 U.S.C. § 922(g)(3). Docket Entry 27. Count alleges that on or about April 15, 2016, Mr. Garner, "then being an unlawful user of a controlled substance, that is methamphetamine and marijuana, knowingly possessed, in and affecting interstate commerce, a firearms . . ." all in violation of Title 18 U.S.C. §§ 922(g)(3) and 924 (a)(2). *Id.* Count 3 alleges that on or about January 21, 2017, Mr. Garner, "then being an unlawful user of controlled substances, that is methamphetamine and marijuana, knowing possessed, in and affecting interstate

commerce, firearms . . ." also in violation of Title 18 U.S.C. §§ 922(g)(3) and 924(a)(2).

## I. LEGAL BACKGROUND

> In our constitutional order, a vague law is no law at all. Only the people's elected representatives in Congress have the power to write new federal criminal laws. And when Congress exercises that power, it has to write statutes that give ordinary people fair warning about what the law demands of them. Vague laws transgress both those constitutional requirements. They hand off the legislature's responsibility for defining criminal behavior to unelected prosecutors and judges, and they leave people with no sure way to know what consequences will attach to their conduct. When Congress passes a vague law, the role of courts under our Constitution is not to fashion a new, clearer law to take its place, but to treat the law as a nullity and invite Congress to try again.

*United States v. Davis*, ---- S.Ct ----, 2019 WL 2570623, June 24 2019 (2019).

Justice Gorsuch recently delivered the opinion in the *Davis* case, examining the dangers of vaguely worded statutes. In this decision, the Supreme Court refutes the government argument that when judging whether a statute is vague a Court should look to "case-specific" facts and judge the vagueness on the "real-world conduct" of individual defendants. *Id.* This decision highlights the ambiguousness of terms like "offense" and "by its nature," and ultimately finds the residual clause definition of violent felony unconstitutionally vague.

This holding must also be taken in light of the Supreme Court's recent decision in *Rehaif v. United States*, ----S.Ct.----, 2019 WL 2552487, June 21, 2019 (2019), in

which the Supreme Court was deciding the knowledge element of 18 U.S.C. § 922(g). In that case, the question was whether the government has to prove, as an element, that the defendant knew he was in a class of people prohibited from the possession of firearms. *Id.* The government attempted to state that a defendant's ignorance of his status was not a defense, as ignorance of the law is no defense. *Id.* at 5. However, Justice Breyer, writing for the majority, stated:

> This maxim, however, normally applies where a defendant has the requisite mental state in respect to the elements of the crime but claims to be 'unaware of the existence of a statute proscribing his conduct.' In contrast, the maxim does not normally apply where a defendant 'has a mistaken impression concerning the legal effect of some collateral matter and that mistake results in his misunderstanding the full significance of his conduct,' thereby negating an element of the offense.

*Id.*

The Supreme Court in *Rehaif* stated that "in the provisions at issue here, the defendant's status is the crucial element separating innocent from wrongful conduct" and that without the knowledge of that status, a defendant may lack the intent to make his behavior wrongful.

*Rehaif* dealt with the statute that Mr. Garner asserts is unconstitutionally vague. Now that the Supreme Court had determined that the government must prove that Mr. Garner knew he was in a status of people prohibited from possession of a firearm, the definition of that status is essential.

"No man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed." *United States v. Harriss*, 347 U.S. 612, 617 (1954).

The Eighth Circuit has followed this doctrine by holding, "the vagueness doctrine requires a criminal statute to 'give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden.'" *United States v. Auginash*, 266 F.3d 781, 784 (8th Cir. 2001) (quoting *Harriss*).

> A vague regulation is constitutionally infirm in two significant respects. First the doctrine of vagueness incorporates notions of fair notice or warning and a regulation violates the first essential due process of law by failing to provide adequate notice of prohibited conduct. In short, a regulation is void-for-vagueness if it forbids or requires the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application.
>
> Second, the void-for-vagueness doctrine prevents arbitrary and discriminatory enforcement.

*Stephenson v. Davenport Community School District*, 110 F.3d 1303 (8th Cir. 1997) (internal quotations omitted). See also *United States v. Birbragher*, 603 F.3d 478, 484 (8th Cir. 2010).

"A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis." *Grayned v. City of Rockford*, 408 U.S. 104, 108-109 (1972).

"A two-pronged analysis in conducted in determining whether statute is unconstitutionally vague: (1) the statute must define the offense with sufficient

definiteness to provide fair warning or adequate notice as to what conduct is prohibited, and (2) it must also define the offense in a manner that does not encourage arbitrary and discriminatory enforcement." *United States v. Ghane*, 673 F.3d 771, 777 (8th Cir. 2012).

Void-for-vagueness challenges come in two types: facial and as applied. In an as applied challenge, the defendant argues the statute does not provide fair notice that his particular conduct exposes him to liability.

A facial challenge, by contrast, "is an attack on a statute itself as opposed to a particular application," *City of L.A. v. Patel*, 135 S. Ct. 2443, 2449 (2015), in which a defendant argues the statute is impermissibly vague as a general matter, without regard to his own conduct.

The Supreme Court stated in 2015, in a non-First Amendment context, that it "squarely" rejected "the theory that a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp." *Johnson v. United States*, 135 S. Ct. 2551, 2560-61 (2015). The holdings of (as opposed to dicta in) prior Supreme Court cases, *Johnson* explained, "refute any suggestion that the existence of *some* obviously [criminal conduct] establishes [a statute's] constitutionality." *Id.* at 2561 (emphasis in original); *see also Sessions v. Dimaya*, 138 S. Ct. 1204, 1314 n.3 (2018) (explaining, outside the First Amendment context, that *Johnson* rejected the notion that "a court may not invalidate a statute for vagueness if it is clear in any of its applications").

Following *Johnson*, a defendant is no longer required to establish that no set of circumstances exists under which [a statute] would be valid.

It is assumed that the government will answer all this with the holding in *United States v. Bramer*, 832 F.3d 908 (8th Cir. 2016). The Eighth Circuit in *Bramer* acknowledged that *Johnson* jettisoned the "no set of circumstances" requirement for facial vagueness challenges. *Id* at 909. Yet the court apparently concluded that, even after *Johnson*, a defendant can prevail in a facial attack only if he shows that "the statute is vague as applied to his particular conduct." *Id.* The Eighth Circuit therefore denied the defendant's facial-vagueness claim because it concluded he would know his own conduct qualified him as an "unlawful user." *Id.*

This approach, which confuses the two types of vagueness challenges, cannot be reconciled with *Johnson*. Under the *Bramer* view, a defendant who prevails on an as applied vagueness claim will also prevail on a facial vagueness claim, but a defendant who fails on the former will fail on the latter as well. If this is so—i.e., if the scope of facial and as applied challenges is the same—there would be no reason to recognize two different kinds of claims. *Johnson* gave no indication that they intended to render the Supreme Court's vagueness jurisprudence redundant and incoherent in this way. Indeed, in *Johnson* the Supreme Court "declared the (now defunct) residual clause of the Armed Career Criminal Act ('ACCA') to be impermissibly vague *without requiring the defendant to first show that the clause was vague as applied to him.*" *United States v. Cook*, 914 F.3d 545, 551 (7th Cir. 2019) (emphasis added).

## II. ARGUMENT

The statute underlying Mr. Garner's indictment, 18 U.S.C. § 922(g)(3), prohibits gun possession by anyone who is an unlawful user of any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802))." Nowhere does Section 922(g)(3) define "unlawful user".

This term—"unlawful user"—is facially vague, in violation of the Due Process Clause. A person of ordinary intelligence would be unable to determine what conduct falls within these categories, even as they have been construed and limited by judicial opinions. Accordingly, this Court should dismiss the indictment.

Most importantly, in light of the most recent Supreme Court holdings, the government must prove as an element that a defendant knew he was within a status of persons prohibited from possessing a firearm. If the definition of that status is vague, then it would be impossible for the government to prove the defendant's knowledge.

### "Unlawful User"

When assessing a vagueness claim, courts should look to both the plain language of the contested statute and any limiting construction that a court or enforcement agency has proffered. See *Kolender v. Lawson*, 461 U.S. 352 (1983) and *Village of Hoffman Estates v. Flipside*, 455 U.S. 489 (1982). In the case of § 922(g)(3). , the Eighth Circuit has provided few authoritative interpretations of the statute's scope. For the best example, we need to briefly examine *United States v. Turnbull*, 349 F.3d 558, (8th Cir. 2003) (*cert granted, vacated on other grounds*).

The defendant in *Turnbull* contended that there was insufficient evidence "to show a temporal nexus between his drug use and his possession of guns." *Id*. at 561-562. Furthermore, the defendant contended that "the district court should have defined 'unlawful user' as someone 'who uses narcotics so frequently and in such quantities as to lose the power of self control.'" *Id.* at 562, quoting *United States v. Herrera*, 313 F.3d 882, 885 (5th Cir. 2002). The Eighth Circuit rejected this argument, noting that, viewed in the light most favorable to the jury verdict, evidence did exist that showed a sufficient temporal nexus between regular drug use and the defendant's possession of firearms. As to the second issue, the Eighth Circuit found no abuse of discretion. Without laying down a general test for what constitutes an "unlawful user," the court held the defendant in that case fit within the statutory prohibition because he admitted to using methamphetamine, was in possession of methamphetamine, LSD, and drug paraphernalia. Thus *Turnbull* itself offers little guidance on the scope of § 922(g)(3).

The *Turnbull* court, however, supported its holding with a citation to *United States v. Purdy*, 264 F.3d 809 (9th Cir. 2001). *Id.* *Purdy* therefore provides the best available evidence of the meaning of § 922(g)(3) in the Eighth Circuit.

The defendant in *Purdy* raised an as applied vagueness challenge, arguing § 922(g)(3) was "impermissibly vague in the circumstances of [his] case." 264 F.3d at 811 (emphasis omitted). To determine whether the facts of Purdy's case put him on notice that he was an "unlawful user of . . . a controlled substance," the Ninth Circuit had to construe the scope of § 922(g)(3). *Id.* at 812. The court held a

defendant qualifies as an unlawful user if his "drug use [i]s sufficiently [1] consistent" (i.e., it occurred "on a regular basis"), [2] "prolonged" (i.e., it took place "over an extended period of time"), and [3] "close in time to his gun possession" (i.e., "contemporaneously with his possession of a firearm"). *Id.* at 812-13. If, on the other hand, drug use is "infrequent and inconsistent," or if it occurs "in the distant past," a defendant does not fall "within the statutory definition of unlawful drug user." *Id.* at 812.

Two aspects of *Purdy*'s interpretation of § 922(g)(3) render the statute void for vagueness.

### 1. Liability Turns on Imprecise, Open-Ended Language.

As *Purdy* makes clear, a person can drift in and out of "unlawful user" status based on how recently and consistently he has used drugs. The statute does not permanently disarm all persons who, at any point in their lives, were unlawful drug users or addicts. Instead, it only applies to persons who are *currently* unlawful users or addicts. Because of § 922(g)(3)'s "limited temporal reach," someone who was once an unlawful user can lose that status "by parting ways with illicit drug use" of the kind proscribed by the statute. And even if a defendant undoubtedly qualifies as an unlawful user, firearm possession is not illegal unless it occurs "sufficiently . . . close in time" to his drug use. *Purdy*, 264 F.3d at 812; *see also, e.g.*, *United States v. Augustin*, 376 F.3d 135, 138 (3d Cir. 2004) (explaining courts have imposed a "temporal nexus between the gun possession and regular drug use" under § 922(g)(3)).

In light of these features of § 922(g)(3) the exact reach of the statute is not easy to define. Indeed, to determine whether a given defendant is an "unlawful user," courts must examine his conduct with reference to three nebulous, open-ended standards: (1) "consistent" ("on a regular basis"), (2) "prolonged" ("over an extended period of time"), and (3) "close in time" ("contemporaneously"). *Purdy*, 264 F.3d at 812-13. These standards raise more questions than they answer: How frequent is "consistent" drug use—daily? Weekly? Monthly? How "prolonged" is an "extended" period of time—a week? Two months? Three years? And how close is close enough for "close in time"—a week? Two weeks? Five? Ten? The statute offers no clue about how to answer these questions.

Citing similar concerns, the Ninth Circuit in *Weissman v. United States*, 373 F.3d 799 (9th Cir. 1967), upheld a facial vagueness challenge to a statute providing that "'no citizen of the United States who is addicted to *or uses narcotic drugs* . . . shall depart from or enter into . . . the United States, unless such person registers . . . with a customs official . . . at a point of entry or a border customs station.'" 373 F.2d at 799 (quoting 18 U.S.C. § 1407) (ellipses in *Weissman*) (emphasis added). The term "user of narcotics," the court wrote, "is unrestricted and general," encompassing "any of a large number of types of use of a narcotic drug." *Id.* at 802. Even if the court were to impose the limitations not present in the text—e.g., that "one use is sufficient, unless occurring in the distant past," or that drug use must occur "within a reasonable period of time prior to the date charged in the Indictment"—the statute would still suffer from "indefiniteness" and "patent . . . uncertainty." *Id.* at 803. As

the court put it, "how far past is the 'distant' past? . . . What is a 'reasonable period of time' before the date of the offense[?]" *Id.* The statute provided no answers, and it would not "be reasonable to expect the average citizen to have any knowledge, or even a reasonable suspicion," of the answers to these questions. *Id.* at 802. The Ninth Circuit therefore came to "the reluctant opinion . . . that the phrase 'user of narcotic drugs' is so vague and indefinite as to constitute a denial of due process." *Id.* at 803; *see also id.* at 800 ("[T]he conclusion is inevitable that the phrase a 'user of narcotic drugs,' or the phrase who 'uses narcotic drugs' (both being used interchangeably herein), has no definite meaning, either technically or at common law."). The logic of *Weissman* is equally applicable here.1

---

1 In *United States v. Ocegueda*, 564 F.2d 1363 (9th Cir. 1977), the defendant argued that 18 U.S.C. § 922(h)(3)—the predecessor statute to § 922(g)(3), which is identical in all material respects—was vague both facially and as applied to him. 564 F.2d at 1365. He supported his facial-vagueness argument by citing to *Weissman*. *Id.* at 1366. The Ninth Circuit found that case inapposite, however, because in the ten years between *Weissman* and *Ocegueda*, the Supreme Court had "limit[ed] the scope of vagueness doctrine in non-First Amendment cases," with the result that courts in such cases could "only consider a vagueness challenge on the facts of the instant case." *Id.* The *Ocegueda* court therefore did not address the defendant's facial challenge, and it disregarded *Weissman*, which found § 1407 facially vague. *Id.*

As explained above, however, the Supreme Court's 2015 opinion in *Johnson* has since made clear that even outside the First Amendment context, courts may find a statute vague on its face. *Kolbe*, 849 F.3d at 148 n.19. Accordingly, the relevant opinion for gauging the facial vagueness of § 922(g)(3) is *Weissman* (which found a materially similar statute to be facially vague), not *Ocegueda* (which decided only an as applied vagueness claim).

A number of other circuits have rejected as applied vagueness challenges to § 922(g)(3). *E.g.*, *United States v. Edwards*, 182 F.3d 333, 335-36 (5th Cir. 1999); *United States v. Edwards*, 540 F.3d 1156, 1162 (10th Cir. 2008); *United States v. Monroe*, 233 F. App'x 879, 881 (11th Cir. 2007) (unpublished). These cases are irrelevant for the same reason as *Ocegueda* (and *Purdy*): they did not address the facial validity of § 922(g)(3);

Other courts have recognized that when, as in § 922(g)(3), criminal liability hinges on the regularity or frequency of certain conduct, the statute at issue may be void for vagueness. In *Whatley v. Zatecky*, 833 F.3d 762 (7th Cir. 2016), for instance, the petitioner was convicted under an Indiana statute punishing possession of cocaine within 1,000 feet of a "youth program center," which was defined as any "building or structure that *on a regular basis* provides recreational, vocational, academic, social, or other programs or services for persons less than eighteen (18) years of age." 833 F.3d at 765 (emphasis added). The Seventh Circuit held this statute was unconstitutionally vague because the statute provided "no objective criteria for a reasonable person to determine whether . . . a facility hosted youth programs on a regular versus an irregular basis." *Id.* at 778. The term "regular," the court wrote, was "subjective," "standardless," and "amorphous," leaving defendants to "rely on little more than conjecture" to determine when activities were frequent enough to bring a building within the statutory definition. *Id.* at 778-79, 783. Because the statute "failed to fix an ascertainable standard of guilt" and "forbade no specific or definite act," it was void for vagueness. *Id.* at 781.

Other courts are in accord. *See, e.g.*, *Doe v. Snyder*, 101 F. Supp. 3d 672, 686-89 (E.D. Mich. 2015) (invalidating statute requiring sex offenders to notify registry operators when they "regularly" or "routinely" engage in certain activities, since "the

---

rather, they determined only that the statute was not impermissibly vague as applied to a particular defendant.

commonly accepted meaning of the terms 'regularly' and 'routinely' do not provide sufficient guidance to law enforcement or registrants to survive a due process challenge both generally and as applied to Plaintiffs"); *Does 1-5 v. Cooper*, 40 F. Supp. 3d 657, 683-84 (M.D.N.C. 2014) (holding statute that "restricts access to 'any place where minors gather for *regularly scheduled* educational, recreational, or social programs'" is void for vagueness because "[t]here is no indication how often such programming must occur in order to be 'regularly scheduled,'" "how many minors must gather to qualify," or "how often minors must gather for such programming" (emphasis added)).

Section 922(g)(3), as construed in *Purdy* and applied by the Eighth Circuit, suffers from the same flaws. It uses subjective, standard-less, and amorphous language to define liability—including language relating to the frequency of certain activity—and fails to provide any indication of the demarcation line between culpable and non-culpable drug use. *See, e.g.*, *United States v. Reed*, 114 F.3d 1067, 1069 (10th Cir. 1997) (quoting district court's observation that § 922(g)(3) "on its face provides no guidance as to how nearly contemporaneous [drug use and gun possession] must be");

Of course, while acting without the benefit of the recent Supreme Court holdings the Eighth Circuit has ruled § 922(g)(3) as not unconstitutionally vague as applied, the Court should also note that in that same case, (*United States v. Bramer*, 832 F.3d 908, 909 (8th Cir. 2016)) the Eighth Circuit also stated "we are inclined to think that this argument could be meritorious under the right factual circumstances." The statute is therefore unconstitutionally vague.

To be sure, the Supreme Court assumed in *Johnson* that the use of some imprecise language, such as "substantial risk" or "unreasonable risk," is generally not sufficient, on its own, to render a statute void for vagueness. *See* 135 S. Ct. at 2561. But the Eighth Circuit's interpretation of § 922(g)(3) contains not just one nebulous piece of language, but three—layered one on top of the other: (1) "consistent" (i.e., "on a regular basis" rather than "infrequent"), (2) "prolonged" (i.e., "over an extended period of time"), and (3) "close in time" (i.e., "contemporaneously" rather than "in the distant past"). *Purdy*, 264 F.3d at 812-13. A single instance of such capacious language might not pose vagueness problems in isolation, but when enmeshed with multiple additional open-ended phrases, it becomes constitutionally intolerable. The combined uncertainty of all three phrases is too great to comply with the Due Process Clause.

Moreover, the *Johnson* Court explained that while statutes calling for "the application of a qualitative standard such as 'substantial risk' to real-world conduct" may pass constitutional muster, vagueness concerns are heightened when defendants must attempt to determine the scope of a statute *in general*, without reference to the particular facts of a given case. *Id.* Here, where Mr. Garner brings a facial, rather than as applied, challenge, *Johnson*'s approval of language such as "unreasonable risk" is inapplicable.

## 2. Neither the Statute Nor Case Law Explains What Renders Use "Unlawful."

To be subject to liability under § 922(g)(3), a defendant must be not just a user of controlled substances, but an "unlawful" user. The statute does not contain a definition of "unlawful," but Black's Law Dictionary defines that word to mean "1) Not authorized by law; illegal; 2) Criminally punishable; 3) Involving moral turpitude." *United States v. Herrera*, 289 F.3d 311, 321 (5th Cir. 2002). Although federal law prohibits possession, distribution, and transportation of drugs, "[n]o federal statute specifically makes it illegal . . . to be a 'user' of drugs." *Id.* The Controlled Substances Act's "Congressional findings" section, in fact, distinguishes between use and other acts, such as possession, by providing that "[t]he illegal importation, manufacture, distribution, and possession and improper use of controlled substances have a substantial and detrimental effect on the health and general welfare of the American people." 21 U.S.C. § 801(2). Thus the CSA "does not mention the *illegal* use of controlled substances, only the *improper* use of controlled substances." *Herrera*, 289 F.3d at 321 n.8 (emphasis in original).[2]

---

[2] Indeed, as the *Herrera* court noted, it is not clear that Congress could "make the status of being a 'user,' by itself, illegal." *Id.* at 321. In *Robinson v. California*, 370 U.S. 660 (1962), the Supreme Court struck down a statute making it illegal to "be addicted to the use of narcotics." 370 U.S. at 667-68. Because the statute criminalized "the 'status' of narcotic addiction," rather than "the use of narcotics," the Court held it violated the Eighth Amendment's ban on cruel and unusual punishment. *Id.* at 666. Being a drug user, like being an addict, is a "status." Punishment for possessing a gun as an "unlawful user" of drugs may therefore contravene the Eighth Amendment. *Herrera*, 289 F.3d at 321-22 & n.9.

Because "being a 'user' is not by itself illegal under any federal or state statute," Congress "could not have used the words 'unlawful user' to refer to conduct prohibited by statute." *Id.* at 322. Therefore, "the only definition of 'unlawful' [in Black's Law Dictionary] that might be applicable is the third"—that is, "involving moral turpitude." *Id.* But the "common and ordinary meaning" of this phrase "give[s] us little guidance." *Id.* Numerous federal courts have recognized, for example, that the phrase "crime of moral turpitude" "falls well short of clarity"; is "a stale, antiquated, and, worse, meaningless phrase"; is "rife with contradiction, a fossil, and an embarrassment to a modern legal system"; presents a "murky statutory standard"; is "perhaps the quintessential example of an ambiguous phrase"; embodies a concept that is "nebulous" and "notoriously plastic"; and is a term for which "there is no useful definition." *Islas-Veloz v. Whitaker*, 914 F.3d 1249, 1257-58 (9th Cir. 2019) (Fletcher, J., concurring) (citations omitted). It is impossible to "establish coherent criteria" for what qualifies as a crime of moral turpitude and what does not. *Id.* at 1258. In short, the term is "hopelessly and irredeemably vague." *Id.* at 1257.

Although the Supreme Court held in *Jordan v. De George*, 341 U.S. 223 (1951), that that phrase is not void for vagueness as applied to fraud offenses, seventy years of experience have proven that, in other contexts, "crime of moral turpitude" is, "without question, . . . ambiguous." *Id.* at 1258; *see also, e.g.*, *Garcia-Meza v. Mukasey*, 516 F.3d 535, 536 (7th Cir. 2008) (describing "crime involving moral turpitude" as "notoriously baffling"). Thus the phrase "unlawful user" in § 922(g)(3), which invokes the concept of moral turpitude, provides little, if any,

guidance as to what conduct the statute proscribes. *See Herrera*, 289 F.3d at 323 (concluding § 922(g)(3) "remains ambiguous" even "after seizing everything from which aid can be derived").3   This uncertainty, compounded by the uncertainty inherent in the open-ended language described above, renders § 922(g)(3) void for vagueness.

As stated above, *Rehaif* changed how the Court should view the importance of the different statuses of 18 U.S.C. § 922(g).   One can commit the offense under this section if he is: (1) a felon; (2) a fugitive from justice; (3) unlawful user of or addicted to a controlled substance; (4) adjudicated mentally defective; (5) an illegal alien; (6) dishonorably discharged from the Armed Forces; (7) has renounced his citizenship; (8) subject to a Court order similar to an ex parte order; and (9) convicted of a misdemeanor crime of domestic violence.

There is one trait that all of these subdivisions share.   They all have a definitive start date.   It is clear, exactly, when a person falls into one of these statuses.   Usually,

---

3 Based on this ambiguity, the panel in *Herrera* invoked the rule of lenity to give § 922(g)(3) a narrow construction. *Id.* at 323-24.   The en banc Fifth Circuit subsequently reversed the judgment in *Herrera*, concluding—under the extremely deferential "devoid of evidence" standard—that there was sufficient trial evidence to establish the defendant was an unlawful user of drugs. *United States v. Herrera*, 313 F.3d 882, 885 (5th Cir. 2002) (en banc) (per curiam).   The en banc opinion did not address at all the thorough analysis in the panel opinion. *Id.* at 884-85.   Instead, it simply noted the government's concession that for a defendant to qualify as an unlawful user, "his drug use would have to be with regularity and over an extended period of time"—and then, in one sentence, concluded the government had met this standard. *Id.* at 885.   Because the reasoning in the *Herrera* panel opinion is persuasive, and because the en banc court provided no explanation or reason to disregard it, Mr. Garner cites the panel opinion here in support of his position.

there is a court order or proceeding that has occurred, but at the very least, some authority has made a determination with the knowledge of the defendant.

All these subdivisions share this trait. Except one. The statute is silent as to when someone becomes an unlawful user of a controlled substance.

This silence is at the heart of the vagueness challenge that is before the Court. Especially in light of *Rehaif* and *Davis*, an ordinary person must be given some notice as to when he is subject of the prohibitions of § 922(g)(3). This statute gives no fair warning or adequate notice as to when someone who has used a controlled substance becomes a part of the prohibited class, nor does it state when someone in the past has used a controlled substance is no longer a part of that prohibited class, or even if leaving the prohibited class is legally possible. For all these reasons, § 922(g)(3) is unconstitutionally vague.

**CONCLUSION**

In light of the recent holdings in *Davis* and *Rehaif*, and given the serious stakes attending noncompliance, the need for clarity in statutory language is essential. Section 922(g)(3) does not meet this "higher" standard. Because the statute, as construed by the courts, uses multiple ambiguous phrases layered on top of one another ("consistent," "prolonged," "close in time"), and because it employs terms with no readily apparent meaning ("unlawful" user, "public morals, health, safety, or welfare"), § 922(g)(3) fails to give a person of ordinary intelligence fair notice or adequate warning of what conduct is prohibited. This Court should therefore dismiss Counts 1 and 3 of the superseding indictment.

Respectfully submitted,

/s/ Ian A. Lewis
**IAN A. LEWIS, #52819**
Assistant Federal Public Defender
901 St. Louis Street, Suite 801
Springfield, Missouri 65806
(417) 873-9022
Attorney for Defendant

August 12, 2019

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of August, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent e-mail notification of such filing to all CM/ECF participants in this case.

                                          */s/ Ian A. Lewis*
                                          **IAN A. LEWIS**