# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

KENNETH GARNER,

        Defendant.

No. 17-3009-01-CR-S-BP

## GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS

The United States of America respectfully requests that the Court deny Kenneth Garner's motion to dismiss Counts 1 and 3 of the superseding indictment, because (i) the indictment is insufficient, but the proper remedy is to allow for a second superseding indictment; (ii) Garner cannot claim that the statute is facially unconstitutional without proving that it is unconstitutional as applied and Garner's affirmative defense that the crimes alleged are unconstitutional as applied to him cannot be resolved pretrial; and (iii) 18 U.S.C. § 922(g)(3) is not unconstitutionally vague.

## PROCEDURAL HISTORY

On January 17, 2017, a grand jury in Springfield, Missouri, returned an indictment charging Garner in Count 1 with being an unlawful user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3), in Count 2 with possession with the intent to distribute marihuana, in violation of 21 U.S.C. §

841(a)(1) and (b)(1)(D), and alleged a forfeiture allegation. (D.E. 1.) On May 11, 2017, the a grand jury in Springfield, Missouri returned a superseding indictment charging Garner in Count 1 with being an unlawful user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3), in Count 2 with possession with the intent to distribute marihuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D), in Count 3 being an unlawful user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3), and also alleged a forfeiture allegation. (D.E. 27.)

On August 12, 2019, Garner filed a motion to dismiss Counts 1 and 3 of the superseding indictment, alleging that the statute under which he was charged is unconstitutionally vague. (D.E. 50.)

## ARGUMENT

Garner does not contest that the superseding indictment states all the elements of the offense and complies with Rule 7. Instead, he challenges the facial constitutionality of 18 U.S.C. § 922(g)(3).

His challenge is premature. A defendant cannot bring a facial vagueness challenge to a statute unless he can show that it is vague as applied to his own conduct, and the Court cannot resolve an as-applied vagueness challenge without finding facts that are relevant to trial on the merits. For this reason, Garner's claim cannot be resolved using a motion to dismiss.

But even if Garner's motion were not premature, it is meritless, because § 922(g)(3), as limited by Eighth Circuit precedent, is not unconstitutionally vague. This Court should deny the motion.

## I.     The Superseding Indictment is Insufficient, but a Second Superseding Indictment is the Correct Remedy

Garner characterizes his motion as one to dismiss the superseding indictment. (D.E. 50.) An indictment must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charge." Fed. R. Crim. P. 7(c). "An indictment is adequate 'if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution.'" *United States v. Palmer*, 917 F.3d 1035, 1039 (8th Cir. 2019) (quoting *United States v. Mann*, 701 F.3d 274, 288 (8th Cir. 2012)). "An indictment which 'tracks the statutory language' is ordinarily sufficient." *United States v. Tebeau*, 713 F.3d 955, 962 (8th Cir. 2013) (quoting *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008)).

In reviewing the sufficiency of an indictment, a court "accept[s] the government's allegations as true, without reference to allegations outside the indicting document." *United States v. Farm & Home Savings Ass'n*, 932 F.2d 1256, 1259 n.3 (8th Cir. 1991); *see United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001) ("[W]e simply cannot approve dismissal of an indictment on the basis of predictions as to what the trial evidence will be." (quoting *United States v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir. 2000))). The court does not test the sufficiency of the evidence: in

criminal cases, there is no corollary to summary judgment under Rule 56. *Ferro*, 252 F.3d at 968. "The government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Rule 29." *Id.* (quoting *DeLaurentis*, 230 F.3d at 661). To be sufficient, an indictment need not anticipate affirmative defenses. *United States v. Sisson*, 399 U.S. 267, 288 (1970).

Here, the superseding indictment is not yet sufficient under *Rehaif v. United States*, 139 S.Ct. 2191 (2019), in that it does not allege that the defendant knew of his status, but the proper remedy is not dismissal, but to allow the Government to amend the indictment to comply with *Rehaif*.

## II. Garner's Vagueness Challenge is Premature

Garner argues that the term "unlawful user" in § 922(g)(3) is facially vague. (D.E. 50 at 7.) He argues that "[a] person of ordinary intelligence would be unable to determine what conduct falls within these categories, even as they have been construed and limited by judicial opinions." (D.E. 50 at 7.) This Court cannot reach his facial vagueness challenge without resolving whether the statute is vague as applied to Garner, and the latter question cannot be resolved on a motion to dismiss. Garner's motion is premature, and this Court should deny it.

### a. *Garner Cannot Claim that § 922(g)(3) is Vague Facially Without Showing That It is Vague As Applied*

Garner may not challenge a statute as vague on its face unless he shows that it is vague as applied to him. *United States v. Cook*, 914 F.3d 545, 549-55 (7th Cir. 2019) (defendant not entitled to mount a facial vagueness challenge to § 922(g)(3) because he did not mount as-applied challenge); *United States v. Bramer*, 832 F.3d

908, 909 (8th Cir. 2016) (per curiam) ("Though Bramer need not prove that § 922(g)(3) is vague in all its applications, our case law still requires him to show that the statute is vague as applied to his particular conduct."); *cf. United States v. Turner*, 842 F.3d 602, 606 n.1 (8th Cir. 2016) ("Although a facial challenge to 18 U.S.C. § 922(g)(3) could be brought in a pretrial motion to dismiss, a panel of our court has held that criminal statutes challenged on non First Amendment grounds are not amenable to facial attacks." (citations omitted)); *United States v. Purdy*, 264 F.3d 809, 810 (9th Cir. 2001) ("Where, as here, a statute is challenged as unconstitutionally vague in a cause of action not involving the First Amendment, we do not consider whether the statute is unconstitutional on its face.").

This rule persists even after *Johnson v. United States*, 135 S.Ct. 2551 (2015). *Johnson* "did not alter the general rule that a defendant whose conduct is clearly prohibited by a statute cannot be the one to make a facial vagueness challenge." *Cook*, 914 F.3d at 545 (citing *United States v. Westbrooks*, 858 F.3d 317, 325-26 (5th Cir. 2017) (collecting cases), *cert. granted & judgment vacated on other grounds*, 138 S.Ct. 1323 (2018)).

Though *Johnson* did "put to rest the notion—found in any number of pre-*Johnson* cases—that a litigant must show that the statute in question is vague in *all* of its applications in order to successfully mount a facial challenge," *Cook*, 914 F.3d at 553 (footnote omitted) (citing *Johnson*, 135 S.Ct. at 2561), *Johnson* does not hold that a defendant can successfully defeat an indictment by showing that the statute might be vague as applied to some other hypothetical defendant where it clearly

applies to him, *id.* at 554. Even after *Johnson*, a defendant arguing that a statute is vague on its periphery—even if it has a core to which it clearly applies—must be standing on the periphery to do so.[1]

### b. This Court Cannot Resolve Garner's As-Applied Constitutional Challenge on a Motion to Dismiss

Garner cannot succeed on his facial challenge unless he also succeeds on his as-applied challenge, so this Court must consider whether § 922(g)(3) is unconstitutionally vague as applied to Garner's alleged conduct. But the Court must refuse to do so at this point in the case, because "an antecedent procedural problem lurks here." *United States v. Pope*, 613 F.3d 1255, 1257 (10th Cir. 2010) (Gorsuch, J.).

First, an indictment need not anticipate affirmative defenses in order to be sufficient. *United States v. Sisson*, 399 U.S. 267, 288 (1970); *McKelvey v. United States*, 260 U.S. 353, 357 (1922); *United States v. Cook*, 17 Wall. 168, 84 U.S. 168 (1872); *United States v. Titterington*, 374 F.3d 453, 456-57 (6th Cir. 2004) ("More than a century later, *Cook* remains good law and governs the outcome of this dispute."). A Rule 12 motion to dismiss is not a proper vehicle to raise an affirmative defense; if

---

[1] Garner states that *Johnson* "declared the (now defunct) residual clause of the Armed Career Criminal Act ('ACCA') to be impermissibly vague *without requiring the defendant to first show that the clause was vague as applied to him*." (D.E. 50 at 6 (quoting *Cook,* 914 F.3d at 551 (emphasis supplied by Garner))). The Court should note that in *Johnson*, the petitioner sought to challenge only that the statute at issue qualified as a violent felony under the residual clause of 18 U.S.C. § 924(e); the Supreme Court raised the facial vagueness of the residual clause on its own. 135 S.Ct. at 2556; *id.* at 2575 (Alito, J., dissenting).

the indictment states the elements of the offense and puts the defendant on notice—and the superseding indictment does—it is sufficient.

Second, Garner's motion is not cognizable under Rule 12 because it cannot be decided without invading the province of the jury to determine facts surrounding the commission of the alleged offense. "Federal Rule of Criminal Procedure 12(b)(1) permits parties to 'raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits.'" *Turner*, 842 F.3d at 605. "A motion is capable of pretrial determination 'if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity' of the motion." *Id.* (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)); *see United States v. Knox*, 396 U.S. 77, 83 & n.7 (1969) ("[T]he question whether Knox's predicament contains the seeds of a 'duress' defense, or perhaps whether his false statement was not made 'willfully' as required by § 1001, is one that must be determined initially at his trial."). Courts may not "make factual findings when an issue is 'inevitably bound up with the evidence about the alleged offense itself.'" *Turner*, 842 F.3d at 605 (quoting *United States v. Grimmett*, 150 F.3d 958, 962 (8th Cir. 1998)). "If contested facts surrounding the commission of the offense would be of *any* assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial." *Pope*, 613 F.3d at 1259.

Respect for the jury requires the district court to abstain from fact-finding about the circumstances surrounding the offense: "The jury is, of course, charged with determining the general issue of a defendant's guilt or innocence. Fact-finding by the

district court based on evidence that goes to this question can risk trespassing on territory reserved to the jury as the ultimate finder of fact in our criminal justice system." *Id.* The rule promotes certainty in fact-finding, judicial economy, and recognizes that criminal proceedings lack the extensive discovery and summary judgment procedures of their civil counterparts. *Id.*

Though Garner does not cite it, *Turner* controls the outcome of his motion. In *Turner*, the defendant raised the affirmative defense that 18 U.S.C. § 922(g)(3) was unconstitutionally vague as applied to the facts of his case. 842 F.3d at 604. The phrase "unlawful user of . . . any controlled substance" could be unconstitutionally vague, the Eighth Circuit had previously concluded, without proof of a temporal nexus between the gun possession and regular drug use. *Id.* at 605; *cf. Bramer*, 832 F.3d at 909 ("Though we are inclined to think this argument could be meritorious *under the right factual circumstances*, it fails here." (emphasis supplied)). The district court ruled on the motion to dismiss prior to trial, and the Eighth Circuit found reversible error: "In order to rule on Turner's as applied constitutional challenge, the district court therefore had to determine whether he had engaged in 'regular drug use' at the time he possessed the firearm. The 'facts surrounding the commission of the alleged offense' would assist with that determination, and the contested defense therefore could not be ruled upon without a 'trial on the merits.'" *Turner*, 842 F.3d at 604 (quoting *Covington*, 395 U.S. at 60).

Garner invites the Court to commit the same reversible error that the district court committed in *Turner*. Just as in *Turner*, "'facts surrounding the commission of

the alleged offense' would assist with that determination" and therefore a ruling on Garner's motion would require a "trial on the merits." *Turner*, 842 F.3d at 605 (quoting *Covington*, 395 U.S. at 60); *accord Pope*, 613 F.3d at 1261.

The Court cannot rule on Garner's defense without invading the province of the jury. It should deny his motion.

## III.    Section 922(g)(3) is Not Unconstitutionally Vague on its Face

Garner's claim also fails on the merits because § 922(g)(3) is not unconstitutionally vague on its face.

"A criminal statute is unconstitutionally vague in violation of the Fifth Amendment due process clause if it 'fails to give ordinary people fair notice of the conduct in punishes, or [is] so standardless that it invites arbitrary enforcement.'" *Turner*, 842 F.3d at 604 (quoting *Johnson*, 135 S.Ct. at 2556). To provide notice, the statute must sufficiently define the crime so that ordinary people can determine what is prohibited. *United States v. Washam*, 312 F.3d 926, 929-30 (8th Cir. 2002). "In order to assist in determining whether an ordinance is unconstitutionally vague, courts traditionally have relied on the common usage of statutory language, judicial explanations of its meaning, and previous applications of the statute to the same or similar conduct." *Stephenson v. Davenport Cmty. Sch. Dist.*, 110 F.3d 1303, 1309 (8th Cir. 1997) (quotations omitted).

Section 922(g)(3) prohibits an "unlawful user" of a controlled substance from possessing a firearm. "The term 'unlawful user' is not otherwise defined in the statute, but courts generally agree the law runs the risk of being unconstitutionally

vague without a judicially-created temporal nexus between the gun possession and regular drug use." *United States v. Turnbull*, 349 F.3d 558, 561 (8th Cir. 2003) *vacated,* 543 U.S. 1099 (2005), *and reinstated,* 414 F.3d 942 (8th Cir. 2005).

      a.     *The Eighth Circuit's Limiting Construction of "Unlawful User"*

*Turnbull* held that the district court did not abuse its discretion when it instructed the jury that the term "unlawful user" had the following definition, taken from Treasury regulations:

> *Unlawful user of or addict to any controlled substance.* A person who uses a controlled substance and has lost the power of self-control with reference to the use of controlled substance; and any person who is a current user of a controlled substance in a manner other than as prescribed by a licensed physician. Such use is not limited to the use of drugs on a particular day, or within a matter of days or weeks before, but rather that the unlawful use has occurred recently enough to indicate that the individual is actively engaged in such conduct. A person may be an unlawful current user of a controlled substance even though the substance is not being used at the precise time the person seeks to acquire a firearm or receives or possesses a firearm. An inference of current use may be drawn from evidence of a recent use or possession of a controlled substance or a pattern of use or possession that reasonably covers the present time, . . . .

*Turnbull*, 349 F.3d at 561 (quoting 27 C.F.R. § 478.11).

      Garner stated that *"Turnbull* itself offers little guidance on the scope of § 922(g)." (D.E. 50 at 8.) However, surveying the Eighth Circuit's prior decisions, *Turnbull* concluded that "the Treasury Department's definition seems entirely consistent with any standard for unlawful use to be gleaned from our prior decisions." *Id.* at 562. Citing *Turnbull*, the Eighth Circuit Model Jury Instructions now give a similar definition:

a person who uses a controlled substance in a manner other than as prescribed by a licensed physician. The defendant must have been actively engaged in use of [a] controlled substance[s] during the time [he] [she] possessed the [firearm] [ammunition], but the law does not require that [he] [she] used the controlled substance[s] at the precise time [he] [she] possessed the [firearm] [ammunition]. Such use is not limited to the use of drugs on a particular day, or with a matter of days or weeks before, but rather that the unlawful use has occurred recently enough to indicate that the individual is actively engaged in such conduct. [An inference that a person [was] [is] a user of a controlled substance may be drawn from evidence of a pattern of use or possession of a controlled substance that reasonably covers the time the [firearm] [ammunition] was possessed.]

Eighth Circuit Model Jury Instructions 6.18.922B (2017 ed.).

The construction of § 922(g)(3) given by the Ninth Circuit in *United States v. Purdy*, 264 F.3d 809, 813 (9th Cir. 2001), is not the law here. (D.E. 50 at 8-9.) Though *Turnbull* cited *Purdy*, it did so one time, as an example of a case supporting the general proposition that courts must construe § 922(g)(3) to require a nexus between the gun possession and regular drug use to avoid vagueness. 349 F.3d at 561. In the same citation, *Turnbull* refers to *United States v. Jackson*, 280 F.3d 403, 406 (4th Cir. 2002), but at no point in *Turnbull* did the Eighth Circuit apply or subscribe to or adopt the substantive limitations established by the Ninth or Fourth Circuits. To the contrary, *Turnbull* held that the Treasury regulation "seems entirely consistent with any standard for unlawful use to be gleaned from our prior decisions. 349 F.3d at 562. If the Court reaches the question of the § 922(g)(3)'s constitutionality at all—and it

should not—it should evaluate the statute in light of the limiting construction of *Turnbull* and subsequent cases.[2]

### b. So Construed, § 922(g)(3) is Not Unconstitutionally Vague

The definition adopted by *Turnbull* and incorporated into the Eighth Circuit's Model Instructions gives sufficient notice about what is prohibited and prevents arbitrary enforcement: use of a controlled substance, other than as prescribed by a physician, that is sufficiently recent to show active use of the substance. These are common terms that ordinary people understand, and they are not unconstitutionally vague.

"The requirement of reasonable certainty does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding." *St. Croix Waterway Ass'n v. Meyer*, 178 F.3d 515, 520 (8th Cir. 1999) (quotation omitted); *see Weed v. Jenkins*, 873 F.3d 1023, 1030 (8th Cir. 2017) ("Like 'obstruct or unreasonably interfere,' the terms 'willfully resists or opposes' in § 43.170 RSMo are 'words of common understanding.' Section 43.170 RSMo is not unconstitutionally vague."); *United States v. Cook*, 782 F.3d 983, 989-90 (8th Cir. 2015) (holding that a statute that prohibited receiving "things of value" for sex trafficking was not constitutionally vague); *St. Croix Waterway Ass'n*, 178 F.3d at 520 (holding that a slow-no wake regulation used ordinary words readily understood by person of ordinary intelligence and within context, was not constitutionally vague);

---

[2] *Purdy* refused to consider a facial vagueness challenge and rejected the defendant's post-trial as-applied vagueness challenge to § 922(g)(3). 264 F.3d at 810, 812.

*United States v. Ghane*, 673 F.3d 771, 777-78 (8th Cir. 2012) (the term "peaceful purposes," as narrowed by the statute's context, had a clear meaning); *Neely v. McDaniel*, 677 F.3d 346, 350 (8th Cir. 2012) (holding that an Arkansas statute that used the word "solicits" was not unconstitutionally vague because the word had an ordinary and usually accepted meaning).

A person of ordinary intelligence can understand what it means to currently and actively use a controlled substance not prescribed by a physician. The dictionary defines "active" as, among other things, "disposed to action," "engaged in an action or activity," "marked by present operation, transaction, movement, or use," Merriam-Webster's Collegiate Dictionary 13 (11th ed. 2003), and "[m]arked by energetic activity; busy," Am. Heritage Dictionary of the English Language 17 (4th ed. 2000); *see Neely*, 677 F.3d at 350 ("Recourse to additional sources like dictionaries or judicial opinions may provide sufficient warning.").

The Eighth Circuit has repeatedly found evidence sufficient to convict § 922(g)(3) defendants. *See, e.g.*, *United States v. Mack*, 343 F.3d 929, 933-35 (8th Cir. 2003) (evidence sufficient where defendant possessed user quantity of marijuana at time of his arrest and arresting officers smelled marijuana, and one month earlier defendant had confronted witness about theft of his marijuana and fired gun in the air); *United States v. Oleson*, 310 F.3d 1085, 1090 (8th Cir. 2002) (evidence sufficient where user quantity of amphetamine found on table of defendant's residence (where he lived alone) and testimony established defendant frequently used drugs with his customers); *United States v. McIntosh*, 23 F.3d 1454, 1458-59 (8th Cir. 1994).

Furthermore, other courts of appeals have routinely rejected vagueness challenges to § 922(g)(3). *Bramer*, 832 F.3d at 909 (rejecting facial vagueness challenge where defendant admitted to being an unlawful user of marijuana); *United States v. Edwards*, 540 F.3d 1156, 1162 (10th Cir. 2008) (a jury found that Edwards was an unlawful user based on evidence that he was a habitual, heavy user of marijuana during the relevant time); *United States v. Patterson*, 431 F.3d 832, 836 (5th Cir. 2005) (finding that Patterson was an unlawful user because the Government seized marijuana, Patterson admitted to being a user for some time, Patterson doubted he could comply with a condition of release that required him not to use drugs, and he tested positive for marijuana); *Purdy*, 264 F.3d at 812 (finding that Purdy was an unlawful user because he used drugs on a regular basis for years and had smoked methamphetamine and marijuana contemporaneously with his possession of a firearm); *United States v. Edwards*, 182 F.3d 333, 336 (5th Cir. 1999) (statute constitutionally applied to daily user of marijuana); *United States v. Ocegueda*, 564 F.2d 1363, 1365 (9th Cir. 1977) (predecessor to § 922(g)(3) not unconstitutionally vague as applied to defendant). Garner attempts to distinguish these cases because they did not address the facial validity of § 922(g)(3), but, as discussed above, Garner may not bring a facial challenge to § 922(g)(3).

The cases Garner cites do not compel invalidation of § 922(g)(3). Though *Whatley v. Zatecky*, 833 F.3d 762 (7th Cir. 2016), found that a definition of "youth program center" that included buildings that "on a regular basis" provided youth services was unconstitutionally vague, there was no "standard in the statute, in a

regulation, or in the [state] case law" to provide context for the term "regular." The court specifically distinguished that statute from others that use "the word 'regular' in conjunction with some other limiting language that provides a standard, gives fair notice to ordinary people, and cabins arbitrary enforcement." *Id.* at 781. The court further noted that the statute was one of strict liability. *Id.*

In contrast to the statute construed by *Whatley*, here the Eighth Circuit has limited the definition of "unlawful user" to one who actively uses a controlled substance during the time he possesses the firearm, though not necessarily at the precise moment. *Turnbull*, 349 F.3d at 561. An ordinary person can understand what "active" use means, especially in the temporal context given by the definition. The Eighth Circuit's limiting construction also remedies the ills of the statute struck down in *Weissman v. United States*, 373 F.2d 799, 800 (9th Cir. 1967) (noting the lack of any standard in the text of the statute or common law).

Garner also argues that what it means to be "unlawful" is unconstitutionally vague. (D.E. 50 at 15-18.) Garner does not address the Eighth Circuit's limiting construction of "unlawful" to mean one who uses a controlled substance in a manner other than as prescribed by a physician. The Government submits that the ordinary person knows whether he is using a controlled substance other than as prescribed by a physician. The vacated panel opinion in *United States v. Herrera*, 289 F.3d 311 (5th Cir.), *vacated on rehearing en banc*, 313 F.3d 882 (5th Cir. 2002) (en banc) does not consider the Eighth Circuit's limiting construction.

Garner's hypothesizes that § 922(g)(3) may be unconstitutional as applied to some defendants, and that may be true. *See Bramer*, 832 F.3d at 909. But there is also "a readily appreciable core of conduct that the statute reaches: If one regularly uses marijuana or another controlled substance other than as directed by a physician, he may not possess a firearm so long as the use persists." *Cook*, 914 F.3d at 555. "[S]imply because it may sometimes be difficult to determine if an individual's drug use meets section 922(g)(3)'s standard for liability does not signify that the statute is impermissibly vague, given that there is no doubt as to the essence of what the statute forbids: the possession of a firearm by one who is engaged in the regular and ongoing use of a controlled substance other than as prescribed by a physician." *Id.*

      c.     *The Decisions in* Johnson *and* Rehaif *Do Not Render § 922(g)(3) Unconstitutionally Vague*

*Johnson*'s invalidation of the residual clause of 18 U.S.C. § 924(e) does not compel the court to invalidate § 922(g)(3). *Cook*, 914 F.3d at 553-54. *Johnson* found that two features of the residual clause of 18 U.S.C. § 924(e) conspired to render it unconstitutionally vague on its face. 135 S.Ct. at 2557. First, the residual clause required the district court to assess the risk posed by the judicially imagined "ordinary case" of a crime, untethered to "real-world facts or statutory elements." *Id.* Second, the residual clause required a district court to determine "how much risk it takes for a crime to qualify as a violent felony." *Id.* at 2558. It was the interaction of these two different sources of indeterminacy that rendered the residual clause unconstitutionally vague. *Id.* at 2558.

The Court was clear, however, that requiring a jury or court to judge the riskiness of particular conduct posed no constitutional problems: "As a general matter, we do not doubt the constitutionality of laws that call for the application of a qualitative standard such as 'substantial risk' to real world conduct; 'the law is full of instances where a man's fate depends on his estimating rightly . . . some matter of degree.'" *Id.* at 2561 (quoting *Nash v. United States*, 229 U.S. 373, 377 (1913)).

Unlike the § 924(e) residual clause, § 922(g)(3) "does not call for the court to engage in any abstract analysis; it calls on the court to apply the statutory prohibition to a defendant's real-world conduct." *Cook*, 914 F.3d at 553. The statute as limited merely calls for the jury to apply a qualitative standard—active use of a controlled substance without a prescription—to the facts as the Government proves them. This is a routine inquiry that poses no constitutional problems. *See Johnson*, 135 S.Ct. at 2561.

Similarly, nothing about *Rehaif v. United States*, 139 S.Ct. 2191 (2019), has any impact on the vagueness analysis. Following *Rehaif*, the Government must now allege and prove that the defendant *knew* of his status as an unlawful drug user. 139 S.Ct. at 2197. *Rehaif* did not change what it means to *be* an unlawful drug user. If anything, requiring a mens rea of knowledge with respect to that element makes the statute *less* vague. *See Cook*, 914 F.3d at 550-51; *see also Holder v. Humanitarian Law Project*, 561 U.S. 1, 21 (2010) ("[T]he knowledge requirement of the statute

further reduces any potential for vagueness, as we have held with respect to other statutes containing a similar requirement.")[3]

That the defendant must now know his status as an unlawful user does not render the statute vague. As discussed above, an ordinary person can understand what "unlawful user" means, as limited by the Eighth Circuit. In fact, the defendant occupies the best position from which to judge his status under § 922(g)(3) as compared to other § 922(g) offenses, because the defendant himself has ultimate and ongoing control over and first-hand knowledge of his status as an unlawful user; it is not imposed upon him after process, such as a felony conviction or misdemeanor crime of domestic violence would be. For that reason, *Rehaif* does not aid Garner's argument.

---

[3] Following *Rehaif*, § 922(g)(3) is also distinct in this additional way from the strict liability statute that *Whatley* found impermissibly vague.

Case 6:17-cr-03009-BP    Document 53    Filed 09/06/19    Page 18 of 20

## Conclusion

Garner's facial constitutional challenge cannot be resolved with determining whether the statute is unconstitutionally vague as applied to him, and the Court cannot resolve that question pretrial. Even if Garner's motion were not premature, it is meritless because § 922(g)(3) is not facially unconstitutional. This Court should deny the motion.

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney
Western District of Missouri

*/s/ Josephine L. Stockard*

JOSEPHINE L. STOCKARD  #63956MO
Assistant United States Attorney

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was delivered on September 6, 2019, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Josephine L. Stockard*
Josephine L. Stockard #63956MO
Assistant United States Attorney
