IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 17-03009-01-CR-S-BP |
| ) | |
| KENNETH GARNER, ) | |
| ) | |
| Defendant. ) | |

# DEFENDANT'S REPLY

# TO GOVERNMENT'S RESPONSE (DOCKET ENTRY 53)

Defendant, Kenneth Garner, through undersigned counsel, respectfully replies to the government's response to his Motion to Dismiss the indictment in the above referenced case due to vagueness of the statute. He submits the following.

All arguments previously made in Defendant's Motion to Dismiss (Docket Entry 50) are reasserted and re-averred in this reply.

**Contrary to the government's argument, Mr. Garner may bring a facial vagueness challenge as to 18 U.S.C. § 922(g)(3).**

The Supreme Court's opinion in *Johnson v. United States*, 135 S. Ct. 2551 (2015), as well as subsequent cases from the Fourth Circuit, confirm that facial challenges are available even to defendants whose conduct purportedly falls within a statute's sweep.

1

The government should have acknowledged that in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court "squarely" rejected "the theory that a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp." 135 S. Ct. at 2561. Nevertheless, the government asserts that Mr. Garner may not mount a facial challenge to § 922(g)(3) until he "first prove[s] the statute was unconstitutional as applied to the facts of his case," and that therefore, this Court should defer any ruling on Mr. Garner's Motion "until trial."

This argument ignores the history of the void-for-vagueness doctrine, the holding of *Johnson*, and post-*Johnson* case law.

The leading Supreme Court case in pre-*Johnson* void-for-vagueness jurisprudence is *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489 (1982). There, the Court wrote that in a facial vagueness challenge, a court may "uphold the challenge only if the [statute] is impermissibly vague in all of its applications. A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Village of Hoffman Estates*, 455 U.S. at 494-95. In a footnote, the Court explained: "The rationale is evident: to sustain such a challenge, the complainant must prove that the enactment is vague not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is

2

specified at all. Such a provision simply has *no* core." *Id.* at 495 n.7 (emphasis in original).

Thus *Village of Hoffman Estates* conceived of two principles as being necessarily tied together: (1) someone whose own conduct is prohibited by a statute cannot bring a facial vagueness challenge (the "own conduct" principle), and (2) a statute is facially vague only if it is vague in all of its applications (the "all of its applications" principle). The "all of its applications" principle was "[t]he rationale" for the "own conduct" principle. *Id.* Put differently, a defendant who had, in fact, violated a statute could not challenge it facially precisely because a facial challenge failed if there were any applications of the statute that were not vague. The fact that a defendant fell within the statute's scope rendered a facial challenge, by definition, unavailable, because it was not the case that the statute was vague in all its applications.

Courts have recognized that the "own conduct" principle and the "all of its applications" principle are inextricable from one another. The D.C. Circuit, for instance, has described their relationship this way:

> Traditionally, a petitioner could succeed on [a facial vagueness] claim "only if the enactment was impermissibly vague in all of its applications." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 (1982). That high bar was grounded in the understanding that a "plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18-19 (2010).

3

*United States Telecom Ass'n v. FCC*, 825 F.3d 674, 735 (D.C. Cir. 2016).

As the D.C. Circuit explained, the "all of its applications" principle was "grounded in" the "own conduct" principle—one was a product of the other. *See also, e.g.*, *Agnew v. Gov't of D.C.*, 263 F. Supp. 3d 89, 95 (D.D.C. 2017) ("Traditionally, to succeed on a facial vagueness challenge, a plaintiff had to show that the enactment was impermissibly vague in all of its applications. That rule was *grounded in* the notion that a plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." (Emphasis added)).

It follows that if, as *Johnson* unambiguously held, the "all of its applications" principle is no longer good law, then the "own conduct" principle—for which the former provided "[t]he rationale," *Village of Hoffman Estates*, 455 U.S. at 495 n.7—is no longer good law, either. The "all of its applications" principle and the "own conduct" principle have risen together, and thus, fall together.

The Supreme Court's opinion in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), confirms this reading of *Johnson*. The respondent in that case, who had two prior convictions for California burglary, argued the residual clause in the 18 U.S.C. § 16(b) "crime of violence" definition was facially void for vagueness. *Dimaya*, 138 S. Ct. at 1211. The Supreme Court agreed. *Id.* at 1210.

Notably in dissent, Justice Thomas expressed his view that "a court may not invalidate a statute for vagueness if it is clear in any of its applications," and that the

4

respondent therefore could not prevail because California burglary clearly satisfied the § 16(b) residual clause.  *Id.* at 1214 n.3.

However, the majority responded that *Johnson* had already disposed of this argument: "as an initial matter, *Johnson* explained that supposedly easy applications of the residual clause might not be so easy after all. . . . And still more fundamentally, *Johnson* made clear that our decisions squarely contradict the theory that a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp."  *Id.*

If the "own conduct" principle still applied—that is, if a party were still prohibited from bringing a facial vagueness challenge where his own conduct clearly falls within the statutory language—then the *Dimaya* majority would have needed to resolve the question whether California burglary (the respondent's crime of conviction) satisfied the residual clause, as Justice Thomas insisted it did.  The continuing validity of the "own conduct" principle would have foreclosed the respondent's facial attack.  That the majority did not address the application of the residual clause to California burglary, and instead proceeded directly to the clause's facial validity, lays to rest the notion that courts may not entertain facial vagueness challenges from defendants whose own conduct a statute clearly proscribes.

Even absent *Dimaya*, the government's assertion fails after *Johnson* alone.  The government's response does not explain, for instance, how or why the "own conduct"

5

principle should still apply if the "all of its applications" principle, on which it was premised, has been "squarely contradict[ed]" by *Johnson*. 135 S. Ct. at 2561. The government identifies the following cases, all distinguishable, as support for this conclusion of law, which Mr. Garner objects to:

> *United States v. Bramer*, 832 F.3d 908, 909–10 (8th Cir. 2016) (per curiam) (finding the defendant did not argue or show § 922(g)(3) was "vague as applied to his particular conduct," and therefore could not bring a facial challenge to the statute); *United States v. Cook*, 914 F.3d 545, 554–55 (7th Cir. 2019) (explaining that, even after *Johnson*, the defendant would still be required to succeed on an as applied challenge to § 922(g)(3) before bringing a facial attack);[1] *see Turner*, 842 F.3d at 606 n.1 ("Although a facial challenge to . . . § 922(g)(3) could be brought in a pretrial motion to dismiss . . a panel of our court has held that criminal statutes challenged on non-First Amendment grounds are not amenable to facial attacks.").

See Docket Entry 53 at 4-5.

First, *Bramer*, is pre-Dimaya and failed to acknowledge what Dimaya confirmed: "*Johnson* made clear that our decisions squarely contradict the theory that a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp." Given that clarification in *Dimaya*, the conclusion of law relied on by the government based on Bramer and the other cases cited is erroneous.

Second, even the Seventh Circuit in *Cook* acknowledged that *Johnson* and *Dimaya* had changed the landscape as to this issue:

---

[1] A Petition for Certiorari has been applied for in Cook and is set to be reviewed at the Supreme Court's October 1, 2019 conference. *Cook v. United States*, S.Ct. Case No. 18-9707, filed June 12, 2019.

6

> "It is not clear how much *Johnson*—and the Court's follow-on decision last term in *Sessions v. Dimaya*, ––– U.S. ––––, 138 S.Ct. 1204, 200 L.Ed.2d 549 (2018), which invalidated similar language in the Immigration and Nationality Act—actually expand the universe of litigants who may mount a facial challenge to a statute they believe is vague. Not surprisingly, Cook contends that *Johnson* permits any defendant who can postulate doubts as to what particular conduct a criminal statute does or does not reach to pursue a facial challenge to that statute, without having to show that there is any real question as to whether his own conduct is proscribed. It is true that *Johnson* puts to rest the notion—found in any number of pre-*Johnson* cases—that a litigant must show that the statute in question is vague in *all* of its applications in order to successfully mount a facial challenge. 135 S.Ct. at 2561. And, as we have mentioned, *Johnson* likewise rejects the notion that simply because one can point to *some* conduct that the statute undoubtedly would reach is alone sufficient to save it from a vagueness challenge. *Id.* So Cook has those aspects of *Johnson* going for him."

*Cook*, 914 F.3d at 553.

Third, the reliance on the Eighth Circuit holding of *Turner* and no reliance on the *Dimaya* holding and language is confounding. First, *Turner* is pre-*Dimaya*. Second, *Turner* is a lower court holding to that of *Dimaya* and *Johnson*. Third, the quote in the government's response from the holding in *Turner* is inexplicably incomplete. Docket Entry 51 at 4. The quote omits the "but see" language from the Supreme Court in *Johnson*. The entire quote is as follows:

> Although a facial challenge to 18 U.S.C. § 922(g)(3) could be brought in a pretrial motion to dismiss, *see United States v. Pope*, 613 F.3d 1255, 1261 (10th Cir. 2010), a panel of our court has held that criminal statutes challenged on non [-] First Amendment grounds are not amenable to facial attacks. *See,*

7

> *e.g.,* United States v. Ghane, 673 F.3d 771, 777 (8th Cir. 2012); *but see* Johnson v. United States, 135 S.Ct. at 2561 (stating that the Supreme Court "holdings squarely contradict the theory that a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp").

*Turner*, 842 F.3d at 606 n. 1.

Even absent *Dimaya*, the government's position is without support in current Supreme Court precedent. The government does not explain, for instance, how or why the "own conduct" principle should still apply if the "all of its applications" principle, on which it was premised, has been "squarely contradict[ed]" by *Johnson*. 135 S. Ct. at 2561.

The *Johnson* Court nowhere said that its rejection of the "all of its applications" principle was limited to statutes that, like the ACCA, involve applying open-ended language to an abstraction, rather than real-world facts. Indeed, just the opposite. The Court wrote that the "holdings" of its previous opinions led it to reject "the theory that a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp." *Johnson*, 135 S. Ct. at 2561 (emphasis omitted). For example:

> [W]e have deemed a law prohibiting grocers from charging an "unjust or unreasonable rate" void for vagueness—even though charging someone a thousand dollars for a pound of sugar would surely be unjust and unreasonable. [*United States v.* L. Cohen Grocery Co., 255 U.S. 81, 89 (1921)]. We have similarly deemed void for vagueness a law prohibiting people on sidewalks from "conducting themselves in a manner

8

> annoying to persons passing by"— even though spitting in someone's face would surely be annoying. *Coates v. Cincinnati*, 402 U.S. 611 (1971). These decisions refute any suggestion that the existence of *some* obviously risky crimes establishes the residual clause's constitutionality.

*Id.* (emphasis in original).

Neither *L. Cohen Grocery* nor *Coates* involved a statute calling for application of a residual clause or similar language. By abandoning the "all of its applications" principle, the Court in *Johnson* evidently understood itself to be doing nothing more than applying the law it had articulated previously—including in cases not involving statutes like the ACCA. *Johnson* was harmonizing the law, not recognizing new exceptions to vagueness doctrine on an ad hoc, one-off basis.[2]

A facial challenge, under the government's scheme, accomplishes nothing that an as applied challenge does not. The government offers no suggestion for why the Supreme Court would have wanted to render facial challenges entirely superfluous.

---

[2] The Court in *Johnson* did write, as some of the government's cited cases point out, that "[i]t is one thing to apply an imprecise 'serious potential risk' standard to real-world facts; it is quite another to apply it to a judge-imagined abstraction." 135 S. Ct. at 2558; *see, e.g.*, *United States v. Kimbrough*, 319 F. Supp. 3d 912, 914-15 (M.D. Tenn. 2018) (relying on this language to hold the "own conduct" principle still governs cases involving statutes unlike the ACCA). But *Johnson* made this observation in the context of explaining why the residual clause was facially vague—not in the context of explaining who could and could not bring a facial vagueness challenge to begin with. Nothing in *Johnson* indicates that the residual-clause inquiry under the ACCA is in any way related to whether a defendant can facially challenge a statute that his own conduct violates.

9

Perhaps more puzzling, *Johnson*'s repudiation of the "all of its applications" principle means that courts may strike down a statute on its face even if it clearly covers some people's conduct. If a court does so, then the statute may not be applied to anyone, even those whose conduct the statute plainly prohibits. *See Village of Hoffman Estates*, 455 U.S. at 495 n.5 ("A facial challenge, in this context, means a claim that the law is invalid *in toto*—and therefore incapable of any valid application."). The result, in the government's view, is that a facially vague statute may be unenforceable against such people—but only if, by happenstance, someone to whom the statute does *not* apply successfully attacks it on its face, since those who *are* covered by the statute may not challenge it themselves. The statute's applicability to those it clearly covers, in other words, turns on the independent, and unforeseeable, action of unknown third parties. It is hard to think of a reason the *Johnson* Court would have wished to establish such a bizarre system, and the government proposes none.

The correct reading of *Johnson*, as confirmed by *Dimaya*, is the most straightforward one: courts may invalidate a statute as vague on its face even if a party's own conduct comes within the sweep of the statute. Thus, the government incorrectly asserts that Mr. Garner must first prove the statute was unconstitutional as applied to the facts of his case.

Respectfully submitted,

10

*/s/ Ian A. Lewis*
**IAN A. LEWIS, #52819**
Assistant Federal Public Defender
901 St. Louis Street, Suite 801
Springfield, Missouri 65806
(417) 873-9022
Attorney for Defendant

October 4, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent e-mail notification of such filing to all CM/ECF participants in this case.

*/s/ Ian A. Lewis*
**IAN A. LEWIS**

11