IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-03009-01-CR-S-BP |
| | ) | |
| KENNETH GARNER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND (2) DENYING DEFENDANT'S MOTION TO DISMISS COUNTS I AND III

Defendant was charged in a Second Superseding Indictment with two counts (Counts I and III) of being an unlawful user of controlled substances in possession of firearms in violation of 18 U.S.C. § 922(g)(3) and one count (Count II) of possessing marijuana with intent to distribute. (Doc. 56.) The Second Superseding Indictment includes forfeiture allegations.

Defendant filed a Motion to Dismiss, seeking dismissal of Counts I and III. (Doc. 50.) He argues that the term "unlawful user" is unconstitutionally vague on its face and thus violates the Fifth Amendment's Due Process Clause. The Honorable David P. Rush, United States Magistrate Judge for this District, issued a Report recommending that the Motion to Dismiss be denied. (Doc. 61.) Defendant objects to Judge Rush's Report and Recommendation ("the Report"), contending that prior Eighth Circuit decisions rejecting his argument are no longer valid. The Government has not responded to the Objection, and the time for doing so has passed. Local Rule 74.1(b)(2). The Court has conducted a de novo review as required by 28 U.S.C. § 636(b)(1). Having conducted this review, the Court adopts the Report as the Order of the Court and denies the Motion to Dismiss.

This Order is intended to summarize and supplement the Report's analysis. The Eighth Circuit has held that while a vagueness challenge to §922(g)(3) need not establish that the statute "is vague in all its applications, our case law still requires [that the defendant] show that the statute is vague as applied to his particular conduct." *United States v. Bramer,* 832 F.3d 908, 909 (8th Cir. 2016) (per curiam). In reaching this decision, the Court of Appeals acknowledged the Supreme Court's then-recent decision in *United States v. Johnson,* 135 S. Ct. 2551 (2015), but held that *Johnson* did not dictate a different result. *Bramer,* 832 F.3d at 909.

Defendant argues that the Eighth Circuit misinterpreted *Johnson,* and that subsequent Supreme Court decisions – *Sessions v. Dimaya,* 138 S. Ct. 1204 (2018) and *Rehaif v. United States,* 139 S. Ct. 2191 (2019) – confirm the Eighth Circuit's misinterpretation. But obviously this Court is not empowered to declare that *Bramer* misinterpreted *Johnson,* and neither *Dimaya* or *Rehaif* are so clear that this court is justified in declaring that *Bramer* has been overruled by the Supreme Court's subsequent decisions. *Dimaya* applied *Johnson* to a different statute but did not purport to expand *Johnson*'s discussion of the void for vagueness doctrine. As stated, *Bramer* took *Johnson* into account, so given that *Dimaya* did not alter the analysis the Court cannot conclude that *Dimaya* clearly establishes that *Bramer*'s interpretation of *Johnson* was incorrect. With respect to *Rehaif,* Defendant does not contend that anything in that case bears on the issue presently before the Court. Instead, he argues that cases from other circuits holding that § 922(g)(3) is not unconstitutionally vague have been vacated and remanded for reconsideration in light of *Rehaif*. But this act by the Supreme Court does not mean that those decisions were wrong – particularly since *Rehaif* does not involve a vagueness argument.

The Court concludes that it is presently bound by *Bramer*. Therefore, Defendant's objections to the Report are overruled, the Report is adopted as the Order of the Court, and the Motion to Dismiss is denied.

**IT IS SO ORDERED.**

DATE: January 8, 2020

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT